IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DALLAS HEATH PAYNE,

    Plaintiff,

v.                                    CASE NO. 5:13-cv-189-RS-GRJ

PATRICK AND JOHNSON,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis*, alleging Eighth Amendment violations by Defendants while Plaintiff was incarcerated at the Holmes County Jail. (Docs. 1, 7.) On June 27, 2013, the Court directed service on Plaintiff's behalf as to the two Defendants: Defendant Patrick and Defendant Johnson. Defendant Johnson waived service (Doc. 16) and filed a *pro se* answer (Doc. 17.) A case management and scheduling order was subsequently issued, and the deadlines for discovery and dispositive motions have recently expired. (Doc. 21.)

On August 1, 2013, the United States Marshals Service notified the Court that the waiver forms were mailed to Defendant Patrick but returned by the U.S. Postal Service "Attempted Not Known." (Doc. 14.) A subsequent notice from the USMS on August 20, 2013 (Doc. 15) indicates that the waiver forms were sent to Defendant Patrick at the jail, which then forwarded them to his home address, which was invalid and returned as explained above. On September 9, 2013, the Court directed Plaintiff to provide an address for Defendant Patrick so that service could be attempted again. (Doc. 18.) Plaintiff was given a September 30, 2013 deadline to provide the Court with

an address for Defendant Patrick, and was warned that failure to comply with the Court's Order would result in a recommendation that the case be dismissed as to Defendant Patrick.

To date, Plaintiff has failed to provide the Court with an address for Defendant Patrick or request an extension of time to do so.  Since the Court's Order, Plaintiff has filed no papers with the Court other than change of address forms.  Defendant Patrick has still not been served.   Fed. R. Civ. P 4(m) provides that "if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff shall dismiss the action without prejudice as to that defendant or order that service be made within a specified time."  Plaintiff appears to have provided his complaint to prison officials for mailing on May 13, 2013, and the 120-day deadline has long since passed.

Plaintiff has failed to serve Defendant Patrick and has failed to comply with the Court's Order to provide an address.  A trial court has inherent power to dismiss a case *sua sponte* for failure to prosecute.  Link v. Wabash Railroad, 370 U.S. 626 (1962); Eades v. Alabama Dept. of Human Resources, 298 Fed. Appx. 862 (11th Cir. 2008) (district court has discretion to dismiss case *sua sponte* where plaintiff has failed to comply with court orders and was on notice that such failure may result in dismissal).

Accordingly, it is respectfully **RECOMMENDED** that this case be dismissed for failure to comply with an order of the Court and for failure to prosecute.

IN CHAMBERS, at Gainesville, Florida, this 7th day of February 2014.

*s/ Gary R. Jones*
GARY R. JONES

*Case No: 5:13-cv-189-RS -GRJ*

United States Magistrate Judge

**NOTICE TO THE PARTIES**

  A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.