IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DALLAS HEATH PAYNE,

    Plaintiff,

v.                                         CASE NO. 5:13-cv-189-RS-GRJ

PATRICK AND JOHNSON,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

        This matter is before the Court on Doc. 39, Plaintiff's Motion for Voluntary Dismissal, and Doc. 40, Defendant's motion to compel Plaintiff's answers to interrogatories. The sole remaining Defendant in this case, Christopher Johnson, has not filed a response opposing Plaintiff's motion to voluntarily dismiss this case, and the time to do so has passed. It is recommended that the motion for voluntary dismissal be granted and this case be dismissed without prejudice.

        Plaintiff asserts Eighth Amendment claims against Defendant Johnson, a Holmes County Jail officer, regarding an incident in November 2012. Defendant Johnson filed a *pro se* answer initially, and a case management order was issued. After the case management deadlines expired and no dispositive motion was filed, the Court conducted a telephonic status conference at which Defendant Johnson indicated that he would notify the Holmes County Sheriff of this case. Doc. 32. Counsel for Defendant subsequently entered an appearance on May 2, 2014. The parties have undertaken discovery, although Defendant's motion to compel states that Plaintiff has failed to respond to discovery propounded to him. Doc. 40.

        Plaintiff's motion to voluntarily dismiss this case states that he is being released

from confinement in January 2015, and that he believes he will more readily be able to seek representation and assistance with his claims in this case following his release. Doc. 39.

Fed. R. Civ. P. 41(a)(2), permits voluntary dismissal in cases at this procedural posture with leave of court, "on terms that the court considers proper." "The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Potenberg v. Boston Scientific Corp.,* 252 F.3d 1253, 1255 (11th Cir. 2001) (citing *McCants v. Ford Motor Co., Inc.*, 781 F. 2d 855, 857 (11th Cir. 1986)). Voluntary dismissal will generally "be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." *McCants*, 781 F. 2d at 856-57.

Here, Defendant has not opposed Plaintiff's motion. The Court finds that Defendant will not be prejudiced by the voluntary dismissal given the procedural posture of this case.

## RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that the motion to voluntarily dismiss this case, Doc. 39, should be granted, that the motion to compel, Doc. 40, should be terminated as moot, and that this case should be **DISMISSED WITHOUT PREJUDICE.**

**IN CHAMBERS** this 1st day of August 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

*Case No: 5:13-cv-189-RS-GRJ*

**NOTICE TO THE PARTIES**

      **A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**